UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ABDOOL AZEEZ,

                    Plaintiff,

             -against-

HONORABLE KENNETH M. KARAS;
HONORABLE JUDITH C. MCCARTHY;
SUPERINTENDENT LYNN LILLEY,

                    Defendants.

---

26-CV-0795 (LTS)

ORDER DIRECTING PAYMENT OF FEES
OR IFP APPLICATION AND PRISONER
AUTHORIZATION

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Eastern Correctional Facility, brings this action

*pro se*.[1] To proceed with a civil action in this Court, a prisoner must either pay $405.00 in fees –

a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed *in*

*forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application and a

prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915.

If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires

the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account.[2]

*See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of

fees must therefore authorize the Court to withdraw these payments from his account by filing a

"prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct

---

[1] It is unclear if Plaintiff commences a new action or if he attempts to appeal the denial of his petition for a writ of *habeas corpus*, under 28 U.S.C. § 2254, attacking his November 14, 2017 conviction in the County Court of Westchester County. *See Azeez v. Doe*, No. 7:22-CV-6028 (KMK) (JCM) (S.D.N.Y. July 2, 2025). Plaintiff should submit the requested fee or other documents in this action only if he intends to commence a new civil action.

[2] The $55.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

the $350.00 filing fee from the prisoner's account in installments and to send to the Court

certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C.

§ 1915(a)(2), (b).

Plaintiff submitted the complaint without the filing fees or a completed IFP application

and prisoner authorization. If Plaintiff wishes to commence a new civil action, within thirty days

of the date of this order, Plaintiff must either pay the $405.00 in fees or submit the attached IFP

application and prisoner authorization. If Plaintiff submits the IFP application and prisoner

authorization, they should be labeled with docket number 26-CV-0795 (LTS).[3]

No answer shall be required at this time. If Plaintiff complies with this order, the case

shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to

comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates

good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    February 25, 2025
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[3] Plaintiff is cautioned that if a prisoner files a federal civil action or appeal that is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and he must pay the filing fees at the time of filing any new action.